**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASSOCIATION OF INDEPENDENT SCHOOLS OF GREATER WASHINGTON<br>1524 35th Street, NW,<br>Washington, DC 20007,<br><br>THE RIVER SCHOOL<br>4880 MacArthur Blvd NW,<br>Washington, DC 20007,<br><br>KATHERINE BREBBIA<br>4918 St. Elmo Ave #201,<br>Bethesda, MD 20814,<br><br>LAUREN WALENCE,<br>656 15th St. S, Apt. A,<br>Arlington, VA, 22202,<br><br>           Plaintiffs,<br><br>           v.<br><br>DISTRICT OF COLUMBIA,<br>441 4th Street NW<br>Washington, DC 20001,<br><br>HANSEUL KANG, in her official capacity as D.C. State Superintendent of Education,<br>810 1st Street NE, Ninth Floor,<br>Washington, DC 20002<br><br>           Defendants. | Case No. |

## **COMPLAINT**

1.      The Association of Independent Schools of Greater Washington, The River School, Katherine Brebbia, and Lauren Walence ("Plaintiffs") bring this action against the District of Columbia and Hanseul Kang, in her official capacity as the District of Columbia's State Superintendent of Education (collectively, "OSSE" or "Defendants").

2. Plaintiffs bring this action to halt the ongoing violation of their Fourth Amendment rights under the United States Constitution. In 2013, OSSE determined that all schools it licenses must implement a program of random and suspicionless drug and alcohol testing covering teachers and staff as a condition of licensure (the "random testing requirement" or the "licensing condition"). Over the past year, OSSE has sought to enforce that requirement by threatening some AISGW member schools with revocation or non-renewal of their licenses unless they implement the testing program.

3. By compelling these schools to subject their employees to random drug and alcohol testing, OSSE has violated the constitutional prohibition against unreasonable searches and seizures. The Fourth Amendment does not permit the government to require the random and suspicionless drug and alcohol testing of its employees or the employees of its licensees, absent a special need unrelated to law enforcement, a minimal intrusion on privacy, and an important governmental interest incompatible with individualized suspicion. OSSE's licensing condition compels preschools under OSSE's jurisdiction to engage in conduct that violates their employees' Fourth Amendment rights.

4. OSSE's licensing condition violates clearly established precedent. The D.C. Circuit has previously held that a government agency may not impose a random drug testing program on teachers. *See Nat'l Fed'n of Fed. Emp. v. Vilsack*, 681 F.3d 483 (D.C. Cir. 2012). Relying upon this precedent, the District of Columbia's own administrative tribunal, the Office of Administrative Hearings ("OAH"), recently held that OSSE may not enforce the random testing requirement against St. Paul's Lutheran Nursery School. *See* Order, *St. Paul's Lutheran Nursery School v. District of Columbia Office of the State Superintendent of Education*, Case No. 2015-OSSE-00011 (May 3, 2016).

5. Notwithstanding the *St. Paul's* decision, OSSE has informed AISGW that it will not acquiesce to that decision and will continue to enforce the random testing requirement against all other preschools licensed by OSSE. The AISGW schools were not parties to the OAH proceeding, and absent action by this Court, they will be obliged to comply with the OSSE licensing condition or risk losing their licenses. Accordingly, Plaintiffs have brought this action to vindicate their Fourth Amendment and statutory rights.

**PARTIES**

6. Plaintiff AISGW is an unincorporated non-profit association of 75 private schools in the national capital region, which covers Washington, D.C. and parts of neighboring states, including Maryland, Pennsylvania, and Virginia. AISGW's organizational purpose is to advance the collective interests of its member schools.

7. Nine AISGW members hold OSSE licenses as childhood development facilities under D.C.'s Childhood Development Facilities Regulation Act of 1998 (hereafter "AISGW member schools"). AISGW brings this suit on behalf of these nine affected schools, which oppose having to administer random drug and alcohol testing on their employees but have complied with OSSE's random testing requirement in the interim so as not to lose their child development facility licenses.

8. Plaintiff The River School is an AISGW member school. It is located in Washington, D.C. and educates children through the third grade.

9. The River School opposes OSSE's random testing requirement because it compels The River School to intrude on and violate the privacy of its employees. The River School nonetheless has conducted random testing of its employees so as not to lose its child development facility license.

10. Plaintiff Katherine Brebbia is a teacher at The River School. She teaches children between the ages of 18 months and 2 years. She is an employee subject to random testing, pursuant to the drug and alcohol policy The River School adopted in response to OSSE's licensing condition. She opposes having to submit to these tests because they violate her privacy.

11. Plaintiff Lauren Walence is also a teacher at The River School. She teaches children between the ages of 18 months and 2 years. She is an employee subject to random testing, pursuant to the drug and alcohol policy The River School adopted in response to OSSE's licensing condition. She opposes having to submit to these tests because they violate her privacy.

12. Defendant District of Columbia is a municipal corporation, the local government of Washington, D.C. It created and operates the Office of the State Superintendent of Education pursuant to the laws of the District of Columbia.

13. Defendant Hanseul Kang is the District of Columbia's State Superintendent of Education and heads the Office of the State Superintendent of Education. With respect to all of her actions alleged in this complaint, she acted and is acting under color of District of Columbia law.

**JURISDICTION AND VENUE**

14. Plaintiffs seek a declaratory judgment and an injunction against the District of Columbia and the State Superintendent of Education to bar the enforcement of OSSE's random testing requirement under the Fourth Amendment. Plaintiffs' constitutional claims arise under the U.S. Constitution and are brought pursuant to 42 U.S.C. § 1983, which authorizes

constitutional actions against District of Columbia officials acting under the color of D.C. law, and pursuant to 28 U.S.C. § 2201, which authorizes actions for declaratory judgments.

15. Because Plaintiffs' claims arise under federal law, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

16. Plaintiffs also challenge Defendants' drug and alcohol testing requirements as arbitrary and capricious, in excess of statutory authority, contrary to constitutional right, power, privilege or immunity, and without observance of procedure required by law, in violation of the D.C. Administrative Procedure Act, D.C. Code § 2-510.

17. This Court may exercise supplemental jurisdiction over Plaintiffs' D.C. claim pursuant to 28 U.S.C. § 1367.

18. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to Plaintiffs' constitutional and statutory claims occurred in this district, and this Court has personal jurisdiction over Defendants.

## FACTUAL BACKGROUND AND ALLEGATIONS

A.  Statutory Background

19. OSSE has premised the random testing requirement on two District of Columbia statutes:  the 2004 Child and Youth Safety and Health Act ("CYSHA"), D.C. Code § 1-620.31, *et seq.*, and the 1998 Child Development Facilities Regulation Act, D.C. Code § 7-2031, *et seq*.

20. Title I of CYHSA requires District employees in "safety sensitive" positions to submit to random drug and alcohol testing.  D.C. Code § 1-620.32.  Under the statute, the term "safety sensitive" covers:  "(A) Employment in which the District employee has direct contact with children or youth; (B) Is entrusted with the direct care and custody of children or youth; and

(C) Whose performance of his or her duties in the normal course of employment may affect the health, welfare, or safety of children or youth." D.C. Code § 1-620.31(10).

21. The statute also requires "private entit[ies] licensed by the District government [with] employees who work in safety-sensitive positions [to] establish mandatory drug and alcohol testing policies and procedures that are consistent with" the statute. D.C. Code § 1-620.36.

22. When the D.C. Council's Committee on Human Services reported the bill that became the CYSHA to the D.C. Council, its Committee Report referred to two categories of "safety sensitive" employees: employees where "catastrophic consequences" could result from "being under the influence of drugs or alcohol" and employees in day care or youth group home settings. Council of the District of Columbia, Committee on Human Services, Report on Bill 15-607 (Nov. 12, 2004).

23. Under the Child Development Facilities Regulation Act, OSSE has the authority to license child development facilities, which are defined broadly as "a center, home, or other structure that provides care and other services, supervision, and guidance for children, infants, and toddlers on a regular basis." D.C. Code § 7-2031(3). Children, Infants, and Toddlers are defined to include all persons from birth to 15 years of age. D.C. Code § 7-2031(2), (4), (8). However, the statute exempts "public or private elementary or secondary school[s] . . . or a pre-kindergarten education program licensed pursuant to the Pre-k Act of 2008." D.C. Code § 7-2031(3).

24. Therefore, OSSE's licensing condition applies to schools and early childhood programs serving children under four, including preschools, but does not apply to private or public schools where children ages four and older are enrolled in primary education.

B.     OSSE Announces Testing Requirement in 2013

25.    Although CYSHA was enacted in 2004, OSSE evidently did not regard the statute as requiring the random drug and alcohol testing of preschool teachers and staff until 2013.  In April 2013, OSSE issued a memorandum requiring that its licensees randomly test their employees for drug and alcohol use.  According to OSSE's memorandum, "any personnel who work or volunteer in a childcare development facility are required to participate in a drug and alcohol testing program that tests applicants before they begin work <u>and employees periodically and randomly</u>[.]" (emphasis added).

26.    On April 26, 2013, OSSE issued an Early Childhood Education Bulletin with the dates for training sessions on compliance with its drug testing requirements.  OSSE subsequently issued FAQs stating that "[d]rug/alcohol testing should be conducted during the pre-employment process, randomly, and whenever there is a reasonable suspicion that someone might be using drugs or alcohol."

27.    OSSE did not adopt the random testing requirement through rulemaking or any other process allowing public participation or comment, even though the CYHSA specifically requires such rulemaking.  D.C. Code § 1-620.37.

C.     The River School and AISGW Register Their Objections to the Policy

28.    The River School did not learn of OSSE's new testing requirement until a January 14, 2014 email from an OSSE employee, Yesset Makonnen.  According to the email, OSSE's policy required the school to establish a drug testing program; notify employees of the policy in writing; hire an outside drug testing vendor to randomly select employees for testing; set the percentage of employees to be tested each quarter; submit a list of employees to the chosen vendor on a quarterly basis; and conduct pre-employment testing.

7

29. From April 2014 through June 2015, The River School objected to the policy and engaged in discussions with OSSE about the policy, its implementation, and the agency's statutory authority.

30. In November 2014, AISGW's predecessor organization, Independent Education, sent a letter to OSSE objecting to the requirement that its OSSE-licensed members conduct random, ongoing drug and alcohol testing of employees.

31. In June 2015, Defendant Hanseul Kang sent a letter to AISGW stating that child development facilities operating in D.C. must be licensed by OSSE, and that drug testing was a requirement of licensure under the CYSHA.

32. On June 23, 2015, AISGW responded to Superintendent Kang by requesting immediate relief from the testing requirement for three of its member schools, including The River School.  AISGW noted that its member schools had previously been told they were exempt from testing and that their licenses would be granted irrespective of OSSE's drug testing policy. AISGW further stated that the schools had relied on these assurances and therefore had not implemented random drug and alcohol testing.

33. On August 21, 2015, Superintendent Kang rejected AISGW's request, but offered to extend The River School's license while it developed the policies and procedures necessary to come into compliance with OSSE's testing requirement.

D. <u>D.C. Issues Notice of Intent to Revoke The River School's License</u>

34. On January 11, 2016, The River School received a "Notice of Intent to Revoke Child Development Center License."  The Notice stated that OSSE intended to revoke The River School's license for failure to establish mandatory drug and alcohol testing policies consistent with CYSHA, and noted that D.C.'s Child Development Facility Regulations required

compliance with all applicable D.C. laws.  The Notice set February 24, 2016 as the revocation date.

35. Because the loss of its license would have dire consequences for its students and staff, The River School adopted a drug and alcohol testing policy that included random testing and sent one employee for testing on January 12, 2016.  Based on e-mail guidance from OSSE, The River School's policy provides for quarterly testing.

E. OSSE Loses Before the D.C. Office of Administrative Hearings, But Continues To Enforce the Random Testing Requirement

36. St. Paul's Nursery School received a similar notice from OSSE, and it commenced an administrative proceeding before the OAH to challenge the threat to its license. After briefing and argument, on May 3, 2016, D.C. Administrative Law Judge ("ALJ") Paul B. Handy issued a decision prohibiting OSSE from revoking St. Paul's license for failure to comply with OSSE's random testing requirement. The OAH found that the licensing requirement would likely violate the Fourth Amendment rights of affected teachers but determined that CYSHA was ambiguous and should be construed to avoid a determination that preschool teachers and staff were safety-sensitive employees to whom the statutory random testing requirement would apply.

37. AISGW and The River School hoped that the OAH decision would settle the matter.  On May 9, 2016, The River School asked OSSE whether in view of the *St. Paul's* decision, OSSE would continue to enforce the random testing requirement.  OSSE confirmed that, in its view, the requirement remained in effect for licensed child development facilities in the District.

38. On May 13, 2016, OSSE filed for reconsideration of the OAH decision.  In its motion, OSSE conceded that if preschool teachers and employees are not "safety sensitive" within the meaning of CYSHA, then "there are no other duties under CYSHA to enforce."

39.   OAH denied OSSE's motion for reconsideration on July 28, 2016.

F.   OSSE's Random Testing Requirement Violates the Fourth Amendment

40.   The Fourth Amendment prohibits unreasonable searches and seizures.  OSSE's random testing requirement effects a search within the meaning of the Fourth Amendment.

41.   For its random testing requirement to be found reasonable, OSSE must establish that the privacy interests of AISGW member schools' employees are "minimal" and that "important government interest[s] furthered by the intrusion would be placed in jeopardy by a requirement of individualized suspicion." *Skinner v. Ry. Labor Execs.,* 489 U.S. 602, 624 (1989).  OSSE's random and suspicionless testing requirement does not meet this standard.

42.   The D.C. Circuit has confirmed that the government may not require teachers to undergo random drug tests based upon a generalized concern for safety.  *See Nat'l Fed'n of Fed. Emp. v. Vilsack*, 681 F.3d 483 (D.C. Cir. 2012); *Transportation Institute v. U.S. Coast Guard*, 727 F. Supp. 648, 653 (D.D.C. 1998).  Relying upon *Vilsack*, the OAH similarly concluded in the *St. Paul's* decision that OSSE's licensing condition probably could not be justified under the Fourth Amendment.

43.   OSSE appears to believe that the random testing requirement is mandated by the 2004 CYHSA.  However, OSSE did not seek to enforce the random testing requirement until 2013, nearly a decade after CYSHA became law.  Nor did OSSE begin to enforce the licensing condition because it had discovered that random drug and alcohol testing was necessary to student safety.  To the contrary, in response to a Freedom of Information Act ("FOIA") request, OSSE confirmed that it has no evidence that any child enrolled at a licensed childhood development facility in D.C. has been harmed as a result of a preschool staff member's drug or alcohol abuse.

44.    Similarly situated District employees serving children in pre-K programs are not subject to random drug or alcohol testing.  The District of Columbia Public School system ("DCPS") enrolls over 5,000 three- and four-year old children in its public pre-K programs, children who are the same age as many of those enrolled in AISGW member schools.  But DCPS does not randomly test its teachers and staff for drug and alcohol use.

45.    Likewise, the D.C. government does not require charter schools with pre-K programs, which serve more than 6,700 three- and four-year old children, to subject their teachers to random drug or alcohol testing. *See* http://www.dcpcsb.org/data/student-enrollment (showing enrollment of 6,477 pre-K students at D.C. Public Charter Schools).

G.    <u>OSSE's Licensing Condition Inflicts Ongoing and Irreparable Harm on AISGW Member Schools and Their Employees</u>

46.    By disregarding controlling precedent and enforcing the random testing requirement on AISGW member schools, Defendants compel these licensees to subject their employees to an unconstitutional search.  Employees may not avoid the testing requirement without subjecting themselves to discipline or termination.

47.    In addition to violating employees' Fourth Amendment rights, random drug testing inflicts reputational harm on AISGW member schools and their employees by suggesting that there is an ongoing substance abuse problem at AISGW member schools that must be addressed.

48.    OSSE's licensing condition creates a disparity within The River School and AISGW member schools, because some teachers are subject to testing while others are not, simply based on the age of the students in their classrooms.

49.    OSSE's licensing condition also places The River School and other AISGW member schools at a competitive disadvantage when it comes to hiring.  Employee candidates

who join schools for students pre-K and older would not be subject to random testing, while those who join The River School and AISGW member schools might have to undergo testing, depending on the age of the students taught.

50. There are significant costs in time and money associated with complying with OSSE's licensing condition. Among other things, compliance with the licensing condition requires: selecting teachers to be drug tested; providing for substitutes to perform these teachers' functions while they are absent; filing and keeping track of the requisite paper work; paying drug testing laboratories to perform the tests and report the results; coordinating with OSSE, a medical review officer, a third-party administrator, and other authorities; and tracking the timing of this entire testing regime to ensure the school does not fall into non-compliance.

51. OSSE has informed some AISGW member schools that they must decide on a percentage of employees to be tested and randomly select those employees. The schools must then conduct testing on a quarterly basis. Licensed facilities must renew their licenses every year. The practical effect of such timing is that AISGW member schools must either intrude on their employees' privacy rights four times a year, or face the threat of license revocation.

## CLAIMS FOR RELIEF

### CLAIM ONE

**Violation of the Fourth Amendment of the U.S. Constitution**

52. Plaintiffs incorporate by reference the factual allegations in the foregoing paragraphs.

53. OSSE's random drug and alcohol testing requirement violates Plaintiffs' rights under the Fourth Amendment of the United States Constitution.

### CLAIM TWO

### Violation of the D.C. Administrative Procedure Act

54. Plaintiffs incorporate by reference the factual allegations in the foregoing paragraphs.

55. OSSE's random testing requirement is arbitrary, capricious and otherwise not in accordance with law under the D.C. Administrative Procedure Act, D.C. Code § 2-510(a)(3)(A); contrary to constitutional right, power, privilege, or immunity under the D.C. Administrative Procedure Act, *id*. § 2-510(a)(3)(B); and in excess of statutory authority or short of statutory rights under the D.C. Administrative Procedure Act, *id*. § 2-510(a)(3)(C).  Defendants lack statutory authority to enforce CYSHA's drug and alcohol testing requirement against preschools licensed as child development facilities in the District of Columbia.

56. Defendants failed to conduct notice-and-comment rulemaking to adopt the drug and alcohol testing requirement, as specifically required by the CYHSA, D.C. Code § 1-620.37, in violation of that statute and of the D.C. Administrative Procedure Act, D.C. Code § 2-510(a)(3)(D).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

a) A declaratory judgment against Defendants declaring that the implementation and enforcement of OSSE's random drug and alcohol testing requirement violates Plaintiffs' Fourth Amendment rights.

b) A declaratory judgment against Defendants declaring that OSSE's drug and alcohol testing requirement is arbitrary, capricious, and otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory authority or short of statutory rights; and was adopted without following procedures required by law, all in violation of the D.C. Administrative Procedure Act.

c) An injunction prohibiting OSSE from enforcing its drug and alcohol testing requirement against Plaintiffs.

d) Make-whole relief, including but not limited to damages.

e) Reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

f) Such other relief as the Court deems just and proper.

Dated: September 6, 2016

Respectfully submitted,

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union of the
Nation's Capital
4301 Connecticut Avenue, N.W. Suite 434
Washington, D.C. 20008
Tel: (202) 457-0800
Fax: (202) 457-0805
E-mail: artspitzer@aclu-nca.org

Steven A. Engel (D.C. Bar No. 484789)
DECHERT LLP
1900 K Street
Washington, D.C. 20006
Tel: (202) 261-3000
Fax: (202) 261-3333
E-mail: steven.engel@dechert.com

May Chiang (D.C. Bar No. 1004425)
Deborah Kemi Martin
Shriram Harid
DECHERT LLP
1095 Avenue of the Americas
New York, N.Y. 10036

*Attorneys for Plaintiffs Association for the Independent Schools of Greater Washington, The River School, Katherine Brebbia, and Lauren Walence*